Filed 8/8/22 P. v. Oswood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094022 |
| Plaintiff and Respondent, | (Super. Ct. No. |
| v. | CRF21-00128) |
| CORY ALAN OSWOOD, | |
| Defendant and Appellant. | |

Pursuant to a negotiated plea agreement, defendant pleaded no contest to fleeing a peace officer while driving recklessly (Veh. Code, § 2800.2) and attempted first degree burglary. (Pen. Code, §§ 664, 459.)[1] He also admitted that he had suffered a prior strike. (§§ 667, subds. (b)-(i), 1170.12.) In exchange, he received a stipulated prison sentence of five years four months and dismissal of the remaining counts and allegations.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now argues that his no contest plea must be set aside because the trial court gave him incomplete *Boykin-Tahl*[2] advisements of his constitutional rights. Defendant further argues that certain fines and fees imposed by the trial court at sentencing must be stayed and stricken, respectively, and the matter reversed for an ability to pay hearing consistent with *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1172-1173 (*Dueñas*) and its progeny.

As we shall explain, defendant's failure to obtain a certificate of probable cause under section 1237.5 precludes his *Boykin-Tahl* claim. We further find that defendant has forfeited his fines and fees challenge and, in any event, has not demonstrated trial counsel was ineffective for failing to demand an ability to pay hearing before the complained-of fines and fees were imposed. Accordingly, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant originally was charged with attempted vehicle theft (§ 664; Veh. Code, § 10851, subd. (a)—count I); assault on a peace officer (§ 245, subd. (c)—count II); fleeing a peace officer while driving recklessly (Veh. Code, § 2800.2—count III); receiving a stolen vehicle (§ 496d—count IV); attempted first degree burglary (§§ 664, 459—count V); felony vandalism (§ 594, subd. (b)(1)—count VI); possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)—count VII); misdemeanor possession of a smoking device (Health & Saf. Code, § 11364—count VIII); and misdemeanor theft. (§ 484, subd. (a)—count IX.) The complaint further alleged as to counts I through VII that defendant had suffered a prior strike. (§§ 667, subds. (b)-(i), 1170.12.)

On January 27, 2021, defendant resolved this matter by pleading no contest to counts III and V and admitting the prior strike allegation. In exchange, he would receive

---

**2**    *Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274] (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).

a stipulated midterm prison sentence of five years four months; the remaining charges were to be dismissed with a *Harvey*[3] waiver on the felony counts. The stipulated factual basis for his plea was derived from Yuba County Sheriff's Department report No. 21-0264. According to the prosecutor, authorities were called after defendant attempted to steal a tractor and fled the scene in a stolen truck. Defendant refused officers' attempts to conduct a traffic stop, leading law enforcement on a chase through farmland, levees, dirt trails, orchards and various roadways, ultimately requiring the deployment of a spike strip to end the pursuit. During the chase, defendant came within 10 yards of striking an officer (who moved to avoid him); before the chase, defendant was observed attempting to enter an occupied residence with pliers.

As acknowledged at the plea hearing, defendant initialed and signed a seven-page plea form that included initialed acknowledgements that he understood and waived various constitutional rights, including his right to a jury trial, to confront and cross-examine witnesses, and to remain silent. The trial court found defendant's waiver of his rights was knowing and intelligent and accepted his pleas and admission. It appears from the probation report that this was the fifth time defendant had resolved a matter by a plea of no contest.

On February 22, 2021, the trial court sentenced defendant in accordance with the plea agreement. In response to defendant's professed indigence, the court imposed a $600 restitution fine (§ 1202.4, subd. (b)), instead of the $1,500 recommended by the probation department, and also imposed a matching, suspended $600 parole revocation restitution fine (§ 1202.45), two $40 court operations assessments (§ 1465.8), and two $30 criminal conviction assessments. (Gov. Code, § 70373.) Defendant did not otherwise object to the court's imposition of these fines and fees, provide an offer of

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

proof as to his professed indigence, or request an ability to pay hearing. Finally, the court awarded victim restitution to two different victims in the amounts of $1,436.61 and $1,646.87, respectively, and reserved jurisdiction to determine restitution as to a third victim.

Defendant's initial notice of appeal, received by the Yuba County Superior Court on March 30, 2021, was rejected and his request for a certificate of probable cause was denied. Defendant's second notice of appeal was based on matters that did not affect the validity of the plea. On this court's own motion, we construed this notice to be timely as it was dated April 23, 2021, but was not filed until April 26, 2021, the next court day. On July 23, 2021, we denied defendant's application for leave to seek a belated certificate of probable cause. Appellate briefing in this matter was completed May 16, 2022.

DISCUSSION

I

*The* Boykin-Tahl *Claim*

Defendant contends his no contest plea and admission was constitutionally invalid because the trial court did not orally inquire into whether he understood and waived his constitutional rights to a jury trial, to confront and cross-examine the witnesses against him, and to avoid self-incrimination. Despite his written waiver of these rights, defendant alleges the purported lack of explicit oral advisements and waivers renders his guilty plea invalid under *Boykin, supra*, 395 U.S. 238 and *Tahl, supra*, 1 Cal.3d 122. This issue is not cognizable on appeal absent a certificate of probable cause.

Under section 1237.5 and California Rules of Court, rule 8.304, no appeal may be taken by a defendant from a judgment of conviction upon a plea of guilty or no contest except where a certificate of probable cause has been filed—unless the appeal concerns search and seizure issues, is based on grounds occurring after that plea/admission that do not affect the validity of the plea/admission, or is an issue "for which, by law, no

4

certificate of probable cause is required." (Cal. Rules of Court, rule 8.304(b); see also § 1538.5.)

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of . . . nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

Defendant's own application for leave to seek a belated certificate of probable cause recognized that such a certificate was a prerequisite to bringing a *Boykin-Tahl* claim. We denied this application and, despite his earlier concession, defendant failed to acknowledge the certificate of probable cause requirement in either his opening brief or in response to the People's argument that such a certificate was required. Defendant's failure to obtain a certificate of probable cause from the trial court precludes our consideration of the merits of this claim challenging the validity of his no contest plea and admission. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [compliance with section 1237.5 is a " 'condition precedent' to the taking of an appeal within its scope"].)

II

*Defendant's Fines and Fees Claims*

Defendant further argues that the $600 restitution fine (§ 1202.4, subd. (b)), two $40 court operations assessments (§ 1465.8), and two $30 criminal conviction assessments (Gov. Code, § 70373) imposed by the trial court at sentencing must be stayed and stricken, respectively, and the matter reversed for an ability to pay hearing consistent with *Dueñas, supra*, 30 Cal.App.5th 1157 and the requirements of due process, the Eighth Amendment, and equal protection.

5

At the outset, we note that because defendant was aware that he was not entitled to bring a *Boykin-Tahl* challenge absent a certificate of probable cause, defendant should have raised his fines and fees challenges in the trial court in accordance with section 1237.2, which requires that a defendant first seek relief in the trial court where the only issue on appeal is a challenge to fines or fees. (§ 1237.2.)[4] Defendant did not seek such relief, arguably allowing this court to decline to hear his claims. (*People v. Hall* (2019) 39 Cal.App.5th 502, 504 [applying section 1237.2 to preclude consideration of a *Dueñas* claim]; cf. *People v. Mendez, supra*, 19 Cal.4th at pp. 1100-1101 [dismissing custody credit claim under section 1237.1].)

However, because the trial court's jurisdiction to determine defendant's fines and fees challenges will end with the completion of this appeal (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1083, 1088), and in the interest of justice, we will address defendant's arguments despite his noncompliance. Exercising this discretion, we concur with the People that defendant forfeited these challenges when he failed to object to the imposition of the complained-of fines and fees without an ability to pay hearing. Moreover, defendant has not established his counsel was ineffective in failing to demand such a hearing below.

---

[4] Section 1237.2 provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

"In general, a defendant who fails to object to the imposition of fines, fees, and assessments at sentencing forfeits the right to challenge those fines, fees, and assessments on appeal. [Citations.]" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624, review den. Jan. 5, 2022, S272033.) Defendant was sentenced on February 22, 2021, more than two years after the publication of *Dueñas*. (*Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019].) Accordingly, defendant's failure to request an ability to pay hearing based on *Dueñas* forfeited the issue on appeal. (*People v. Curry* (2021) 62 Cal.App.5th 314, 328, fn. 7, review granted July 14, 2021, S267394; *Greeley, supra*, at p. 624; see also *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant forfeited challenge to maximum restitution fine under section 1202.4 by failing to object at sentencing].)

Nor do we agree with defendant's argument that the trial court failed to make an ability to pay determination. Here, the court imposed a $600 restitution fine, not the $300 minimum restitution fine for a felony matter. (§ 1202.4, subd. (b)(1).) Thus, the court implicitly determined defendant had the ability to pay more than the statutory minimum, while declining to impose the $1,500 recommended by the probation department. (*Ibid.*; § 1202.4, subd. (c) ["[i]nability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)"].) If defendant had evidence that he wished the court to consider when determining his ability to pay, it was his duty to present that evidence to the court. (§ 1202.4, subd. (d) ["A defendant shall bear the burden of demonstrating the defendant's inability to pay"]; *People v. Cowan* (2020) 47 Cal.App.5th 32, 49 [defendant bears the burden of proving his inability to pay a challenged fine or fee], review granted June 17, 2020, S261952.) He did not do so.

Further, defendant has not established that his counsel was ineffective for failing to object and request an ability to pay hearing. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) the

deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 693-694, 697-698] (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218 (*Ledesma*).) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland, supra*, at pp. 693-694; *Ledesma, supra*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694; accord, *Ledesma*, at p. 218.)

Defendant's ineffective assistance of counsel claim fails because he has not established that he was prejudiced by his counsel's failure to raise *Dueñas* at the sentencing hearing. Again, the trial court implicitly made an ability to pay determination when it imposed a restitution fine that was $300 over the statutory minimum. (§ 1202.4, subds. (b)(1), (c).) This fine was imposed at the same time as the remaining $140 in fees, and nothing in the record suggests a reasonable probability that the court would have determined defendant was unable to pay the latter amount had defendant's counsel objected specifically to the imposition of those fees. (*Strickland, supra*, at pp. 693-694; *Ledesma, supra*, at pp. 217-218.)

Nor do we find merit in defendant's summary assertion that the Eighth Amendment requires reversal. Defendant has not shown that the $600 restitution fine imposed by the trial court was grossly disproportionate to defendant's offenses under *United States v. Bajakajian* (1998) 524 U.S. 321 334 [141 L.Ed.2d 314, 329][5] and *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.[6] Finally,

---

[5] Superseded by statute on other grounds as stated in *United States v. Toro-Barboza* (9th Cir. 2012) 673 F.3d 1136, 1154.

[6] Defendant suggests that *People v. Cowan, supra*, 47 Cal.App.5th at page 48, review granted June 17, 2020, S261952, requires remand for an ability to pay determination so that the trial court can weigh all factors relevant in an excessive fines analysis. We disagree. Defendant was sentenced on February 22, 2021, approximately

8

defendant has not established that equal protection was violated. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 [" '[There is] no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to conclude,' " italics omitted].) Accordingly, his fines and fees challenges fail.

DISPOSITION

The judgment is affirmed.


                                                _____KRAUSE_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____DUARTE_____, J.

---

11 months after the publication of *Cowan*. Thus, it was defendant's burden in the trial court to raise the Eighth Amendment issue and establish his alleged inability to pay. (See *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn. 4 [excessive fines claim forfeited in absence of timely objection].) Moreover, defendant has not explained how his $600 fine was grossly disproportionate to his offenses, to wit, attempted first degree burglary, attempted theft of a tractor, receiving a stolen truck, leading authorities on a chase over multiple terrains necessitating the deployment of nail strips, endangering the life of at least one officer, and causing damage exceeding $3,000.